WILLIAM P. FLAHIVE
LAW OFFICE OF WILLIAM P. FLAHIVE, L.L.C.
Attorney for Defendant Fred Armstrong
Diamond Silver Officer Complex
24 Arnett Avenue
Suite 103
Lambertville, NJ 08530
(609) 397-6390

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
VICINAGE OF NEWARK

| | |
|---|---|
| PETER HILBURN, | Civ. No.: 07- 6064 |
| | (WJM-MF) |
| Plaintiff, | |
| v. | |
| | STATEMENT OF UNDISPUTED |
| STATE OF NEW JERSEY | FACTS PURSUANT TO |
| DEPARTMENT OF CORRECTIONS, | Loc. Civ. R. 56.1 |
| et al., | |
| Defendants. | |

1. Plaintiff Peter Hilburn began working for the Department of Corrections (DOC) on July 30, 1990. Complaint attached to the brief as Ex. A at ¶ 16.

2. Hilburn was terminated from the DOC on April 8, 2006. Ex. A at ¶ 17.

3. During the relevant time period in this case, plaintiff served as an Assistant Superintendent at East Jersey State Prison (EJSP). Ex. A at ¶ 17 & 18.

4. Plaintiff claims that while he was at EJSP, he spoke with his supervisor, EJSP Superintendent defendant Al Ortiz, about illegal bid-rigging after another employee, Ed Guz, raised the subject in a daily briefing meeting at EJSP in the summer of 2005. Ex. A at ¶ 18-19, 23.

5. Plaintiff claims that defendant Ortiz threatened to fire him if he continued to complain. Ex. A at ¶ 24.

6. Plaintiff and Senior Correction Officer Ronald Burkhardt from East Jersey State Prison met with the office of the United States Attorney regarding the alleged bid-rigging. Ex. A at ¶ 27.

7. Plaintiff was suspended after his meeting with the U.S. Attorney's Office. Ex. A at ¶ 29-30.

8. Plaintiff later applied for and received FMLA leave. Shortly before he was due to return to work, Hilburn was terminated. Ex. A at 32-33.

9. Defendant Armstrong worked as a Construction Management Specialist out of the DOC central office in West Trenton during the relevant time periods. Armstrong Affidavit attached as Ex. B at ¶ 2.

10. Armstrong's position involved working primarily with institutions other than East Jersey State Prison where Hilburn worked. Id. at ¶ 3.

11. Armstrong was not at EJSP on a regular basis. Id. at ¶ 5.

12. Armstrong did not have supervisory authority over Hilburn or any other DOC employee. Ex. B at ¶ 4 & 6.

13. Armstrong did not have any communication with Hilburn's superiors about Hilburn. Id. at ¶ 7.

14. Armstrong did not have contact with the plaintiff. Id. at ¶ 8.

15. Defendant Armstrong's name was not mentioned at the meeting in the summer of 2005 when Ed Guz complained about bid-rigging at East Jersey State Prison. Hilburn October 22, 2009 deposition attached as Ex. C at 68.

16. When questioned about alleged conversations with defendant Ortiz, plaintiff could not even recall Armstrong's name and had to be prompted by his own counsel as to the defendant's name. Hilburn November 3, 2009 deposition attached as Ex. D at 42.

17. Hilburn acknowledged that he did not know Armstrong. Id. at 43.

18. Burkhardt testified that he never heard Armstrong's name mentioned when he attended meetings between Hilburn and the U.S. Attorney's office. Burkhardt Deposition attached as Ex. F at 38.

18. When asked directly whether Armstrong was part of a conspiracy to deprive him of his constitutional rights, Hilburn replied that Armstrong was not. Hilburn November 3, 2009 deposition attached as Ex. D at 177-80.

19. Hilburn testified that Armstrong had not threatened to take any action against him. Hilburn November 24, 2009 deposition attached as Ex. E at 47.

20. When asked whether Armstrong had retaliated against him, Hilburn replied that Armstrong had not. Ex. E at 38.

                                                LAW OFFICE OF
                                                WILLIAM P. FLAHIVE, L.L.C.

                                 By:  _____
                                         William P. Flahive

Dated: 4/9/10