UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| PETER HILBURN,<br><br>　　Plaintiff,<br><br>v.<br><br>STATE OF NEW JERSEY, DEPARTMENT OF CORRECTIONS; AL ORTIZ, *individually and in his official capacity*; GERALD KENNEDY, *individually and in his official capacity*; FRED ARMSTRONG, *individually and in his official capacity*; JAMES BARBO, *individually and in his official capacity*; GEORGE HAYMAN, *individually and in his official capacity*; and, WILLIAM PLANTIER, *individually and in his official capacity*,<br><br>　　Defendants. | Civil Action No. 2:07-cv-06064<br><br>OPINION<br><br>Hon. William J. Martini |

## MEMORANDUM OPINION

### I.   INTRODUCTION

Plaintiff Peter Hilburn filed an amended ten-count complaint ("Am. Compl."), against the State of New Jersey Department of Corrections ("DOC") and six individual defendants, Al Ortiz, Gerald Kennedy, Fred Armstrong, James Barbo, George Hayman, and William Plantier. Generally, Plaintiff alleges that he was wrongfully terminated by his employer, the DOC, on or about April 8, 2006, at a time when he was a DOC employee, i.e., Special Assistant to Defendant Al Ortiz, the Administrator of the East Jersey State Prison, Rahway, New Jersey. Plaintiff put forward both federal and state causes of action. After briefing on a motion to dismiss, this Court dismissed six of the ten counts. Four counts remain, including a Section 1983 count against the Individual

1

Defendants in their individual capacities. Before the Court is Defendants DOC, Ortiz, Barbo, Hayman, and Plantier's joint motion for summary judgment on the remaining counts. Also before the Court is Defendant Armstrong's separate motion for summary judgment on the remaining counts. The sixth and remaining defendant in this case, Gerald Kennedy, has been served, but has not responded to the summons or complaint, nor has any attorney appeared on his behalf. Default has already been entered against Defendant Kennedy. *See* Doc. No. 33.

For the reasons elaborated below, the Court will **GRANT** the State of New Jersey, Department of Corrections, Ortiz, Barbo, Hayman, Plantier's motion for summary judgment in part, and **DENY** it in part. Likewise, the Court will **GRANT** Armstrong's motion for summary judgment. Count Ten will be dismissed. Counts One, Six, and Eight will be dismissed against Armstrong, Hayman, and Barbo, who are terminated from this action. This action will go forward in regard to Counts One, Six, and Eight against Ortiz and Plantier, and Count Six will also go forward against the DOC.

## II.    FACTS AND PROCEDURAL BACKGROUND

Plaintiff alleges that several years ago illegal bid-rigging plagued the East Jersey State Prison (the "Prison"). In the summer of 2005, the Prison's Business Administrator, Ed Guz, reported at a morning briefing that "rampant and illegal bid-rigging [was] taking place" at the Prison. Am. Compl. ¶ 18. Guz repeated the allegation several times during the meeting in the presence of various officials as recorded by a stenographer's minutes. Plaintiff's supervisor, Al Ortiz, attended this meeting. Plaintiff urged Ortiz on more than one occasion to report the bid rigging. Ortiz purportedly said that he reported the alleged criminal activity to Defendant Gerald Kennedy, Assistant Director of the DOC, who was allegedly at the center of the allegations surrounding the bid rigging. Ortiz then allegedly threatened to fire Plaintiff if he continued to complain. *See* Hillburn Cert. ¶ 13 ("Defendant Ortiz threatened that I would lose my job if I did not stop complaining.").

On or about May 2005, Plaintiff and another corrections officer met with investigators from the Office of the Attorney General and discussed the alleged criminal activity in the prison. Plaintiff filed a formal complaint in regard to his allegations of illegal activity. On or about July 20, 2005, Plaintiff filed an internal complaint with the DOC's Equal Employment Division (the "EED Complaint"). He included allegations in regard to bid rigging, and alleged that Ortiz threatened, harassed, and retaliated against him for reporting the illegal activities within the prison.

On or about July 22, 2005, Ortiz sent Plaintiff a letter. The letter indicated that Plaintiff made an "unsolicited and irrelevant outburst" at a July 19, 2005 meeting and apparently indicated that Plaintiff needed counseling. On or about, September 1, 2005, Ortiz purportedly told a third-party that Plaintiff "is going" and described Plaintiff as "white trash."

On or about November 30, 2005, Defendant Plantier denied granting Plaintiff the relief he sought in his EED complaint. Furthermore, Plantier determined that Plaintiff's failure to report the alleged workplace wrongdoing in a timely report was itself a violation of DOC policy. As a result, Plaintiff was suspended for forty days. The suspension ended on or about January 31, 2006.

Plaintiff then took an approved medical leave for a health condition. On or about April 7, 2006, two days before his scheduled return from this leave, the DOC terminated Plaintiff's employment. Plantier's termination letter was not detailed, but it did state that Plaintiff was terminated in connection with an investigation conducted by the EED. Termination occurred some four months after his suspension.

Thereafter, on or about January 29, 2007, Plaintiff filed a charge with the Equal Employment Opportunity Commission alleging that the DOC engaged in employment discrimination against him, in violation of Title VII, the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.*, and the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq*.

On August 16, 2007, the Commission issued a right-to-sue letter in the matter. Subsequently, Plaintiff filed a complaint in this action on December 21, 2007 in this Court, later superseded by the ten count Amended Complaint. Six counts were dismissed. The remaining four counts include: Count One – the Section 1983 Count against the Individual Defendants in their individual capacities only; Count Six – the Family and Medical Leave Act ("FMLA") of 1993 Count against all defendants; Count Eight – the Free Speech Count under the New Jersey Constitution; and Count Ten for breach of Plaintiff's rights under the DOC's employee manual. In light of this Court's prior rulings, Counts Eight and Ten, the state law counts, are viable only against the Individual Defendants in their individual capacities.

### III. STANDARD OF REVIEW

Summary judgment is appropriate "if the pleadings, the discovery [including, for example, depositions, answers to interrogatories, and admissions on file] and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Turner v. Schering-Plough Corp.*, 901 F.2d 335, 340 (3d Cir. 1990). A factual dispute is genuine if a reasonable jury could find for the non-moving party, and is material if it will affect the outcome of the trial under governing substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). At the summary judgment stage, "the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249; *see also Marino v.*

*Indus. Crating Co.*, 358 F.3d 241, 247 (3d Cir. 2004) (explaining that a court may not weigh the evidence or make credibility determinations). Rather, the court must consider all evidence and inferences drawn therefrom in the light most favorable to the non-moving party. *Andreoli v. Gates*, 482 F.3d 641, 647 (3d Cir. 2007).

## IV.   ANALYSIS

A.   The Free Speech Counts under Section 1983 and the New Jersey Constitution.

Plaintiff alleges that in response to his filing the EED complaint, and in his response to filing a complaint with the Attorney General's office, documents which alleged criminal activity at the prison, he was threatened, harassed, and retaliated against, and ultimately terminated in violation of his state and federal constitutional right to engage in protected free speech and free expression.

The Court notes at the outset that other than Plaintiff's termination, the remaining alleged wrongs appear to have uniformly occurred prior to December 21, 2005, that is outside of the limitations period for this action. *See Brown v. Foley*, 810 F.2d 55, 56 (3d Cir. 1987) (adopting New Jersey's two year limitations for personal injury actions for Section 1983 claims alleging civil rights violations). A defendant is liable for a constitutional violation under Section 1983 only if he is personally involved in the alleged wrong (including acts of retaliation), or, if a superior of a purported wrong-doer, he had knowledge and acquiesced in the alleged wrong. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). Defendants assert that Plaintiff can point to no evidence tying defendants Barbo, Hayman, Ortiz to the termination.

As to Defendant Oritz, Plaintiff's supervisor, there is evidence indicating that Ortiz threatened Plaintiff with termination, which is ultimately what happened here. Termination occurred within the statute of limitations. This is some circumstantial evidence that connects Ortiz to the decision to terminate Plaintiff even if as a formal matter that action was based on a recommendation by EED Director Kenneth Green. There is also a considerable paper trail connecting Defendant Plantier to the decision to terminate Plaintiff, including: Plantier's role in the earlier suspension decision, and Plantier's signing and sending the letter terminating Plaintiff. Indeed, Green testified that he recommended terminating Plaintiff at the conclusion of an investigation that was initiated by communications from Defendant Plantier to Green, that is, communications complaining about Plaintiff's conduct. Green Cert. ¶ 12.

Hayman and Barbo present a different constellation of facts. Plaintiff has no specific allegations against Hayman. Thus the Section 1983 count against Hayman must be dismissed. The only allegation against Barbo – that he cursed at Plaintiff – does not appear to be supported by record evidence; it is not specifically tied to the underlying

4

allegations involving wrongful termination and, in any event, it appears to be *de minimis*, and, therefore, it does not give rise to a constitutional violation. *See Brennan v. Norton*, 350 F.3d 399, 418-19 (3d Cir. 2003).

Defendant Armstrong seeks summary judgment on similar grounds: no evidence of personal involvement connects him to the alleged wrongdoing. Here too, Plaintiff does not cite to record evidence. Instead Plaintiff argues:

> Moreover since Defendant Armstrong was indicted in a criminal suit for bid-rigging, from all surrounding inferences, Defendant Armstrong had a vested interest in having the Plaintiff terminated from his employment. It can be inferred that in an effort to conceal his criminal activity, Defendant Armstrong retaliated against the Plaintiff to protect himself from criminal prosecution.

Plaintiff has had access to discovery, but he has not managed to come forward with evidence that Armstrong was in regular contact with the Defendants, much less that he had personal involvement in the decision to terminate Plaintiff. The unproven allegations in a prosecutor's indictment are no substitute for evidence. Hence the Section 1983 count against Armstrong will be dismissed.

As Count Eight, the free speech count under the New Jersey Constitution, mirrors the protections under the First Amendment and Section 1983, Count Eight will be dismissed in regard to Defendants Armstrong, Barbo, and Hayman. Counts One and Eight will go forward against Defendants Ortiz and Plantier.[1]

### B.  The FMLA Count

Plaintiff acknowledges that a prima facie retaliation claim is predicated on the employer taking an adverse employment action against the employee in consequence of the employee's exercising his rights under the FMLA. (Doc. No. 56 at 34-36.) Plaintiff, however, does not contend that he was terminated for the exercise of his FMLA rights; rather, he contends that he was terminated for exercising protected First Amendment speech. It appears that such allegations do not make out a prima facie retaliation claim under the FMLA. *See, e.g.*, *Conoshenti v. Public Serv. Elec. & Gas Co.*, 364 F.3d 135, 146-47 (3d Cir. 2004); Hilburn Dep. 70:17-21, Nov. 24, 2009 ("Q: You are not alleging in this complaint, sir, that you were fired because you took family leave, are you? A: No, I am alleging that I was fired while I was on family leave.").

---

[1] The Court notes that Defendants put forward several other defenses in regard to the Section 1983 count. The Court has considered those defenses and finds that they lack merit.

Plaintiff also brings an interference or entitlement claim against all Defendants under the FMLA. As Defendants' brief acknowledges, this claim is coterminous with the Section 1983 count. (Doc. No. 47 at 21.) Therefore, Count Six will be dismissed in regard to Defendants Armstrong, Barbo, and Hayman, and Count Six will go forward against Defendants Ortiz, Plantier, and the DOC.

### C. Count Ten: Breach of the Employee Manual Under State Law

Plaintiff claims that he was denied both (1) a post-termination hearing and (2) a hearing regarding his EED complaints. In both cases, Plaintiff argues that the DOC employee manual provides for these hearing rights. It is unclear what injury was caused by the latter purported wrong. As to the former, which is the gravamen of this dispute, Plaintiff has not put the manual in evidence or even cited the relevant provision granting him the hearing right he asserts. More importantly, Plaintiff's position is implausible. In his deposition he does not assert that he or his lawyer actually requested a post-termination hearing, which would seem to constitute waiver of the purported contract right. Likewise, he does not explain how the manual might grant a right against the individual Defendants. If Plaintiff was denied a right to a hearing, it would seem his claim is against the State of New Jersey, and that claim, his claim against the State of New Jersey under Count Ten, has already been dismissed.

## V. CONCLUSION

For the foregoing reasons, the Court **GRANTS** the State of New Jersey, Department of Corrections, Ortiz, Barbo, Hayman, Plantier's motion for summary judgment in part, and **DENIES** it in part. Likewise, the Court **GRANTS** Armstrong's motion for summary judgment. Count Ten is dismissed. Counts One, Six, and Eight are dismissed against Armstrong, Hayman, and Barbo, who are terminated from this action. This action will go forward in regard to Counts One (the Section 1983 claim), Six (the FMLA count), and Eight (the civil rights claim under the New Jersey Constitution) against Ortiz and Plantier, and Count Six will also go forward against the DOC.

s/ William J. Martini
**DATE: December 23, 2010**         **William J. Martini, U.S.D.J.**