UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| PETER HILBURN,<br><br>        Plaintiff,<br><br>  v.<br><br>STATE OF NEW JERSEY DEPARTMENT OF CORRECTIONS, *et al.*,<br><br>        Defendants. | Civil No. 7-6064<br><br>ORDER |

    This matter comes before the Court on Plaintiff's motion *in limine*, ECF No. 81, to exclude certain tape recordings as having been made in violation of the New Jersey Wiretapping Statute, N.J.S.A. 2A:156A-3 & 4, and/or the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510-2522, and otherwise being inadmissible under the Federal Rule of Evidence. The Court has reviewed the applicable law and the relevant legal submissions. The Court also conducted an evidentiary hearing on February 29, 2012 during which it heard oral argument, testimony regarding the recordings, and the recordings themselves.

    At the hearing, testimony from Debbie Schoffstall provided a partial foundation for the admissibility of the recordings. Her testimony, taken with the recordings, established that, in general, she was either a participant in each

recorded conversation or the participants had no reasonable expectation of privacy during the conversation. As such, in general, the recordings do not appear to violate either the state or federal wiretapping statutes at issue. *See, e.g.*, *Horberger v. American Broadcasting Companies, Inc.*, 799 A.2d 566, 627 (N.J. Super. A.D. 2002); *D'Onofrio v. D'Onofrio*, 780 A.2d 593, 597 (N.J. Super. A.D. 2001). But the Court will reconsider this general determination with respect to each individual recording, and if Defendants are unable to elicit testimony at trial sufficient to establish the legality of any individual recording, the Court may exclude it.

Based on the reasons stated on the record during the evidentiary hearing and the reasons stated in this order, the Court also makes the following preliminary findings regarding the admissibility of each recording under the Federal Rules of Evidence:

**Conversation #1** – This conversation is substantially audible, but its relevance depends upon Defendants establishing that the conversation is arguably in violation of Department of Corrections' policy. Defendants have proffered, but have not actually provided any evidence of any formal policy prohibiting employees from commenting on internal investigations. It also appears that the recording is an incomplete record of the potentially relevant portions of the conversation, which calls into question the accuracy and reliability of the recording. Therefore, there is insufficient foundation for the recording to be

admissible. If Defendants can provide the necessary foundation, the recording will be admissible.

**Conversation #2** – This conversation is substantially audible and is relevant to Defendants' argument that they had a legitimate basis to terminate Plaintiff because he made potentially offensive comments in violation of Department of Corrections' policy. The recording is admissible.

**Conversation #3** – This conversation is substantially audible, but its relevance depends upon Defendants establishing that the conversation is arguably in violation of Department of Corrections' policy regarding commenting on internal investigations. It also appears that the recording is an incomplete record of the potentially relevant portions of the conversation, which calls into question the accuracy and reliability of the recording. Therefore, there is insufficient foundation for the recording to be admissible. If Defendants can provide the necessary foundation, the recording will be admissible.

**Conversation #4** – This conversation is substantially audible and is relevant to Defendants' argument that they had a legitimate basis to terminate Plaintiff because he made potentially offensive comments in violation of Department of Corrections' policy. The recording is admissible.

**Conversation #5** – This conversation is substantially audible and is relevant to Defendants' argument that they had a legitimate basis to terminate Plaintiff

because he made potentially offensive comments in violation of Department of Corrections' policy. The recording is admissible.

**Conversation #6** – This conversation is substantially audible but does not appear to be relevant to Defendants' argument that they had a legitimate basis to terminate Plaintiff because he made potentially offensive comments in violation of Department of Corrections' policy. And the risk of undue prejudice outweighs any minimal relevance because of the highly personal nature of the conversation. This recording is not admissible.

**Conversation #7** – This conversation is substantially audible and is relevant to Defendants' argument that they had a legitimate basis to terminate Plaintiff because he made potentially offensive comments in violation of Department of Corrections' policy. The recording is admissible.

**Conversation #8** – This conversation is substantially audible, but its relevance depends upon Defendants establishing that the conversation is arguably in violation of Department of Corrections' policy regarding commenting on internal investigations. And to the extent that the conversation reflects comments that are potentially offensive, the recording appears to be incomplete and does not provide the context in which those comments were made, which calls into question the accuracy and reliability of the recording. Therefore, there is insufficient

foundation for the recording to be admissible. If Defendants can provide the necessary foundation, the recording will be admissible.

**Conversation #9** – This conversation is substantially audible, but its relevance depends upon Defendants establishing that the conversation is arguably in violation of Department of Corrections' policy regarding commenting on internal investigations. Therefore, there is insufficient foundation for the recording to be admissible. If Defendants can provide the necessary foundation, the recording will be admissible.

**Conversation #10** – This conversation is substantially audible and is relevant to Defendants' argument that they had a legitimate basis to terminate Plaintiff because he made potentially offensive comments in violation of Department of Corrections' policy. The recording is admissible.

**Conversation #11** – This conversation is substantially audible but does not appear to be relevant to Defendants' argument that they had a legitimate basis to terminate Plaintiff because he made potentially offensive comments in violation of Department of Corrections' policy. Rather, the recording appears to capture a conversation in which Plaintiff is complaining about behavior by other Department of Corrections employees who may have violated that policy. This recording is not admissible.

**Conversation #12** – Portions of this conversation are substantially indiscernible. As such, the Court reserves decision regarding the admissibility of this recording as currently constituted. But it is likely that at least some portion or portions of the recording that are relevant and substantially audible will be admissible.

**Conversation #13** – This conversation is substantially audible and is relevant to Defendants' argument that they had a legitimate basis to terminate Plaintiff because he made potentially offensive comments in violation of Department of Corrections' policy. The recording is admissible.

**Conversation #14** – This conversation is substantially audible and is relevant to Defendants' argument that they had a legitimate basis to terminate Plaintiff because he made potentially offensive comments in violation of Department of Corrections' policy. The recording is admissible.

**IT IS** on this 5th day of March 2012,

**ORDERED** that Plaintiff's motion is **GRANTED IN PART** and **DENIED IN PART** in accordance with the above determinations regarding the admissibility of each recording; and it is further

**ORDERED** that because the parties were not able to agree on a joint transcript of the recordings, neither party will furnish a transcript to the jury. Instead, the Court will provide the transcript attached to this order, which it

believes accurately reflects the content of the recordings, or some version thereof. The Court has redacted those portions of the recordings it finds are inaudible or indiscernible. Prior to providing the transcript to the jury, the Court will also remove any recordings that will not be admitted into evidence. The Court may also *sua sponte* make adjustments to the attached transcript as it deems necessary; and, finally,

The parties are **ADVISED** that the Court may *sua sponte* reconsider any of these findings upon further examination of the recordings or upon further development of the evidence bearing upon their admissibility or legality.

      /s/ William J. Martini
**WILLIAM J. MARTINI, U.S.D.J.**