## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **PETER HILBURN,** | Civil No. 7-6064 |
| **Plaintiff,** | |
| **v.** | **AMENDED OPINION** |
| **STATE OF NEW JERSEY DEPARTMENT OF CORRECTIONS,** *et al.*, | |
| **Defendants.** | |

This matter comes before the Court on Plaintiff Peter Hilburn's application for an award of fees and costs pursuant to 42 U.S.C. § 1988. Plaintiff filed this lawsuit on December 21, 2007, alleging various causes of action against numerous defendants all relating to the circumstances of his termination from his employment with the New Jersey Department of Corrections. The matter proceeded to trial, where Plaintiff was represented by Karen DeSoto and Brian Curley. Brian Curley's wife, Karen Kahn Curley, an attorney, assisted Mr. Curley during the litigation. Mr. Curley also received additional assistance from an associate attorney he hires on a per diem basis. On April 4, 2012, a jury returned a verdict against Defendant Alfaro Ortiz on Plaintiff's claims under 42 U.S.C. § 1983 and the New Jersey Civil Rights Act, N.J.S.A. 10:6-2 (the "NJCRA"), for violation of his First Amendment Rights. The jury awarded Plaintiff $659,715.00 in compensatory damages and an additional $50,000 in punitive damages. On May 7, 2012, Plaintiff filed the instant motion,[1] and the Court heard oral argument on it and other post-trial motions on July 5, 2012. The Court thereafter ordered further briefing, and the parties completed their briefing on August 13, 2012.

The Court has reviewed Plaintiff's entire fee application line-by-line. For the reasons discussed below, the Court will **GRANT** Plaintiff's motion for fees and costs, and will award Plaintiff a total of **$387,323.97**.[2]

---

[1] Plaintiff technically filed two applications for fees – one on behalf of each trial counsel. The Court later ordered Plaintiff to submit one combined application.

[2] An earlier version of this opinion incorrectly stated the total award as $437,393.97.

## I. Legal Analysis

42 U.S.C. § 1988 provides that a prevailing party in certain civil rights actions, including actions under Section 1983, may recover a reasonable attorney's fee as part of the costs. *See also Perdue v. Kenny A.* ex rel. *Winn*, 130 S. Ct. 1662, 1671 (2010). "[A] reasonable fee is a fee that is sufficient to induce a capable attorney to undertake the representation of a meritous civil rights case." *Perdue*, 130 S. Ct. at 1672 (quotation omitted). The preferred method for calculating attorney's fees under Section 1988 is the lodestar method, which is a determination of the appropriate billing rate for the party's attorneys and the number of hours those attorneys reasonably spent working on the case. *Interfaith Community Organization v. Honeywell Intern., Inc.*, 426 F.3d 694, 703 n.5 (3d Cir. 2005). The lodestar method "yields a fee that is presumptively sufficient to achieve this objective." *Perdue*, 130 S. Ct. at 1672.

"A party seeking attorney fees bears the ultimate burden of showing that its requested hourly rates and the hours it claims are reasonable" and must submit evidence to support its arguments. *Interfaith Community*, 426 F.3d at 703 n.5. An opposing party must object with sufficient specificity to any request for fees. *Id.* Once the opposing party has objected, the party requesting fees must demonstrate to the satisfaction of the court that its fee request is reasonable. *Id.* "In reviewing a fee application, a district court must conduct 'a thorough and searching analysis.'" *Id.* (quoting *Evans v. Port Auth. of N.Y. & N.J.*, 273 F.3d 346, 362 (3d Cir. 2001)).

Defendant does not dispute that Plaintiff is entitled to some award of fees. Instead, Defendant raises a number of specific objections grouped into general categories and listed in exhibits attached to the August 13, 2012 Certification of Jane S. Kelsey, counsel for Defendant. The Court will address these objections in turn and will refer to the corresponding exhibits throughout this opinion.

### A. Mr. Curley's Billing Rate

Defendant objects to the $450 per hour billing rate charged by Mr. Curley, claiming that it should be lowered to $300 per hour or, at most, $385 per hour. The Court finds that a reasonable rate for Mr. Curley's services on this matter is $425 per hour.

Typically, courts calculate a reasonable hourly rate according to the prevailing market rates in the relevant community, *see Loughner v. University of Pittsburgh*, 260 F.3d 173, 180 (3d Cir. 2001), which in this case is Northern New Jersey. Courts start with the attorney's usual billing rate, but this number is not dispositive. *Id.* Instead, courts must also look at the experience and skill of the attorney and compare his or her rate to the rates prevailing in the community for similar services by similarly skilled and experienced attorneys. *Id.*

2

Mr. Curley is a New Jersey Supreme Court certified Civil Trial Attorney who has been practicing law since 1994. He has years of civil trial experience and has been recognized by legal publications for his litigation expertise. He holds a juris doctor degree from Widener University School of Law and a master of law degree in trial advocacy from Temple University School of law. He certifies that as of January 1, 2012, he raised his billing rate to $450 per hour. Plaintiff has submitted certifications from two of Mr. Curley's colleagues who specialize in employment litigation and who practice in Northern New Jersey to support the reasonableness of Mr. Curley's requested rate. One colleague, Jon W. Green, has been practicing law since 1980, has been focusing on employment litigation since 1988, and currently bills clients at a rate of $475 per hour. The other, Ty Hyderally, has been practicing law for approximately the same amount of time as Mr. Curley but appears to specialize in employment litigation. He is currently the President of the National Employment Law Association – NJ, a statewide organization of attorneys who focus on employment law. Mr. Hyderally has litigated a number of high-profile employment law cases and speaks at employment law conference across the nation and internationally. His current billing rate is $450 per hour. Both Mr. Hyderally and Mr. Green certify that they believe Mr. Curley's $450 per hour billing rate is reasonable and in line with market compensation. In further support of the reasonableness of his billing rate, Mr. Curley notes that in 2011, a state court judge in New Jersey Superior Court approved his then billing rate of $400 per hour after a trial in a similar retaliation case.

Defendant bases his objection to Mr. Curley's billing rate on two grounds: first, Ms. DeSoto's lower billing rate of $300 per hour; and second, the fact that Mr. Curley's representation agreement with Plaintiff, signed in October of 2009, lists his billing rate as $385 per hour. The fact that Ms. DeSoto's billing rate is lower than Mr. Curley's is not dispositive, but it does tend to show that attorneys with similar experience to Mr. Curley[3] and who work in the same market may bill at rates below the $450 per hour rate that Mr. Curley requests. And the fact that Mr. Curley may have originally agreed to charge his client a lower rate is similarly not dispositive, as in cases where counsel is compensated under Section 1988, the award is usually based on the billing rates current at the end of the case. *See Perdue*, 130 S. Ct. at 1675.

On review of all of the evidence submitted by the parties, the Court finds that a reasonable billing rate for Mr. Curley's work in this matter is $425 per hour.

[3] While Mr. Curley has been practicing law for several years longer, his experience is more general, and Ms. DeSoto appears to have spent significantly more time focusing on employment and civil law cases. Although, Ms. DeSoto certified that her own billing rate was modest when compared to the relevant market.

3

As the Court noted, Plaintiff bears the burden of establishing the reasonableness of his counsel's billing rates. Here, the evidence suggests that individuals with more experience and expertise in the area of employment litigation who practice in New Jersey charge fees of $450 and $475 per hour, and that some individuals with experience similar to Mr. Curley, or slightly less, charge as a little as $300 per hour. While Mr. Curley's experience and skill as a trial litigator entitle him to a rate on the higher end of this range, he has not shown that he is entitled to the $450 fee that recognized experts in the field of employment litigation, such as Mr. Hyderally, charge. As such, a modest reduction in Mr. Curley's billing rate is appropriate.[4]

## B. Plaintiff's Level of Success

Defendant argues that Plaintiff is not entitled to an award of fees for any unsuccessful claims and asks the Court to reduce the award by the amounts Plaintiff's counsel expended in pursuing dismissed counts and claims against dismissed defendants. The Court declines to do so.

Plaintiff's lawsuit was successful. A plaintiff need not prevail on every contention raised in a lawsuit in order to collect attorney's fees for his counsel's efforts. *Hensley v. Eckerhart*, 461 U.S. 424, 435 (1982); *see also Blum v. Witco Chemical Corp.*, 829 F.2d 367, 378 (3d Cir. 1987) (holding district court did not abuse its discretion in awarding fees for hours billed in connection with unsuccessful motions and depositions not used at trial). "Litigants in good faith may raise alternative legal grounds for a desired outcome, and the court's rejection of or failure to reach certain grounds is not a sufficient reason for reducing a fee. The result is what matters." *Hensley*, 461 U.S. at 435. Here, while Plaintiff raised a number of claims against a number of defendants that were ultimately dismissed, each claim involved the same core set of facts and the same injury: Plaintiff was fired from his job in violation of his First Amendment and related rights in retaliation for his reporting of bid-rigging allegations. Although Plaintiff ultimately succeeded only on his Section 1983 and NJCRA claims, he received substantially the entirety of the relief he sought, which was an award of compensatory damages including back pay and an additional modest award of punitive damages. As such, the Court cannot properly deem Plaintiff to have achieved only limited success, and counsel's pursuit of alternative claims does not warrant further reduction of fees. *See Eichenlaub v. Township of Indiana*, 214 F. App'x 218, 223 (3d Cir. 2007)

---

[4] Defendant has not objected to Ms. DeSoto's general rate of $300 per hour. The Court finds that in light of the evidence submitted by Plaintiff, Ms. DeSoto's rate is reasonable. Mr. Curley's bill also contains 0.2 hours of time charged by an individual named Adriana F. Seetaram at a rate of $95.00 per hour. The Court could not find any reference in Plaintiff's papers explaining who this individual is and thus cannot assess the reasonableness of the charges associated with her. As such, the Court will not award the fees associated with her.

(affirming full fee award); *Tenafly Eruv Ass'n, Inc. v. Borough of Tenafly*, 195 F. App'x 93, 98 (3d Cir. 2006) (awarding fees for work performed on all claims). The total hours expended – subject to other reductions the Court discusses below – were reasonably related to the success counsel achieved.

But the Court will reduce the award by the fees associated with matters that are entirely unrelated to Plaintiff's claims in this litigation, which defense counsel has detailed in Exhibit D of Ms. Kelsey's certification. All of the entries listed in Exhibit D appear to have no relationship with Plaintiff's success in this lawsuit, and so the Court will not award them as part of Plaintiff's fees. This requires a reduction of Ms. DeSoto's hours by 21.7, and Mr. Curley's hours by 1.0.

### C. Duplicative Work

Defendant argues that Plaintiff's fee request includes duplicative work for which Plaintiff is not entitled to collect fees. Defendant claims that in many instances two or more of Plaintiff's attorneys billed for the same work or, in some instances, one attorney double- or triple-billed for the same work. Duplication of work can be an indicator that the time claimed is not reasonable for the services performed. *See Evans v. Port Authority of New York and New Jersey*, 273 F.3d 346, 362 (3d Cir. 2001). In a "relatively straightforward case . . . few tasks require[] the full participation" of multiple attorneys. *Id.*

The Court has reviewed Defendant's objections, which are detailed in Exhibits B & C of Ms. Kelsey's certification and will disallow some, but not all, of the so-called duplicative fees. Many of the charges listed in Exhibit B are not truly duplicative work. For example, Defendant cites a number of entries where Mr. Curley reviewed important documents, filings, opinions, or correspondence that Ms. DeSoto also reviewed. Many of these entries were for 0.5 hours or less. And in a case like this, where multiple attorneys are collaborating on much of the proceedings, each must have some basic familiarity with important documents and filings even if they have divided certain aspects of the case amongst themselves for the sake of efficiency. Similarly, Ms. DeSoto's preparation relating to the audio recordings, also listed in Exhibit B, is not duplicative merely because Mr. Curley took the lead on issues relating to the admissibility of the recordings. The recordings were a key piece of evidence for Defendants and were much discussed and litigated. Even if Ms. DeSoto did not take the lead at the admissibility hearing, review of the recordings and the Court's rulings regarding them would ordinarily be an important aspect of trial preparation.[5] And most of the charges listed in

---

[5] The Court notes that it ultimately will subtract these hours – and other hours – from Plaintiff's final fee award. Not because they were duplicative, but because they were excessive and unreasonable in light of Ms. DeSoto's actual performance at trial, as discussed below.

Exhibit C are also reasonable. Mr. Curley's billing for supervising and coordinating the work of his associate is not double-billing because, logically, supervision of work is a task separate from the work itself. And the mere fact that some entries have similar descriptions is not evidence of double-billing. For example, Exhibit C lists two entries from Mr. Curley that involve him meeting with Plaintiff to discuss the content of the audio recordings and to "discuss facts related to audio tapes", one dated August 15, 2011, and the other dated September 6, 2011. The fact that there are two entries with similar descriptions does not indicate double-billing. The more logical interpretation is that Mr. Curley did not complete his work with Plaintiff on the first day and had to continue his discussions at a later date. These entries are reasonable.

But some of the entries on Exhibit C related to Ms. DeSoto do appear to be double-billing because they indicate almost identical work conducted on the same day but billed separately. For example, Ms. DeSoto has three entries dated March 12, 2008 that describe nearly identical services: "Letter/email/call DAG", "Facsimile DAG regarding discovery", and "Call to DAG regarding dep.", for 0.6, 0.3, and 0.3 hours respectively. Ms. DeSoto has not explained these apparent instances of double-billing. Thus, the Court will reduce the bill accordingly to account for these duplications, and finds that a reduction of 3.2 hours from Ms. DeSoto's request is appropriate based on some of the listed entries in Exhibit C.

## D. Excessive Charges

Defendant cites a number of entries it believes are excessive either because the number of hours expended was unreasonable or because the rate billed was too high for the kind of work performed. Exhibit E to Ms. Kelsey's certification lists these entries. The Court has reviewed Defendant's specific objections and agrees that, in some cases, counsel's billing was excessive. The Court will, accordingly, adjust the fee award.

In addition to guarding against excessive hours expended, the Court also has a responsibility to ensure that attorneys do not attempt to bill at high rates for work that does not require the skill, expertise, and experience that ordinarily justifies those rates. "Paralegal work, if performed by an attorney, can be billed only at paralegal rates, while purely secretarial work is not compensable because it is subsumed in overhead and built into the attorney's fee for services." *T.B. v. Mount Laurel Bd. of Educ.*, No. 09-4780, 2012 WL 1079088, at *4 (D.N.J. Mar. 30, 2012) (citing cases).

In reviewing the entries listed in Exhibit E, the Court finds that some of the work counsel billed is purely clerical, other work should have been billed at a lower paralegal rate, and some charges were merely excessive. The Court will

completely reduce Ms. DeSoto's hours by 0.4 to account for work that was purely clerical, specifically, contacting someone for a mailing address and stapling documents. The Court will also reduce Ms. DeSoto's billables by an additional 4.1 hours to account for excessive time she spent drafting simple documents such as notices of depositions and motions, and certificates of service. The Court will also reduce Ms. DeSoto's billing rate for 9.9 hours she billed to tasks ordinarily performed by a paralegal, such as scanning and filing documents and calendaring return dates for motions. Similarly, the Court will reduce Mr. Curley's rate for 4.1 hours he spent on such tasks. And all of the work Ms. Curley conducted should have been charged at a paralegal rate as none of it appears to require her extensive skill and experience as an attorney. Finally, the Court will reduce Ms. Curley's hours by 9.9 to account for the time Ms. Curley spent on the updated fee application. The Court ordered the additional, combined application because of Plaintiff's counsel's failure to submit a proper application in the first instance. For this reason, the expense and cost of the second application should not be charged to Defendant as it is not related to Plaintiff success in the lawsuit. The Court finds that all of the other charges are reasonable.

The Court must also fix the appropriate billing rate for all paralegal work. In his certification, Mr. Curley claims that he ordinarily bills paralegal work at a rate of $150 per hour; Plaintiff's fee application also requests fees for certain paralegal work at this rate. Defendant does not challenge this rate, and it is within the range of paralegal rates recently approved in this district. *Compare, e.g., Mont Laurel*, 2012 WL 1079088, at *5 (fixing billing rate for paralegal at $100 per hour) *with Jama v. Esmor Corr. Servs., Inc.*, No. 97-3093, 2007 WL 41661016, at *3 (D.N.J. Nov. 20, 2007) (fixing billing rate for paralegal at $200 per hour). The Court thus deems the $150 per hour rate for paralegal work to be reasonable.

E.   Other Objections to Hours Expended

Defendant also objects to a number of other entries on various grounds such as inaccurate or unconfirmed timekeeping, impermissible block-billing, and representations made by counsel at trial. The specific objections appear in Exhibits F, G, and H to Ms. Kelsey's certification.

With respect to block-billing, listed in Exhibit G, the Court will make no reductions. While the party seeking fees has a responsibility to ensure that entries are accurate and sufficiently descriptive, there is no *per se* bar to block-billing, *see Wade v. Colaner*, No. 06-3715, 2010 WL 5479625, at *6 (D.N.J. Dec. 28, 2010) (citing cases), and, upon review, none of the block-billing entries prevent the Court from adequately assessing the reasonableness of the related charges nor do they group unreasonable charges with reasonable ones.

Nor do any of Defendant's arguments with respect to the objection in Exhibit H merit reduction. Defendant has failed to explain why exactly any of Plaintiff's counsel's representations to the Court at trial are inconsistent with the listed billing entries. For example, Mr. Curley represented that he was not involved in negotiating the settlement of an unrelated lawsuit in which Ms. DeSoto represented Plaintiff. Defendant claims this representation is inconsistent with Mr. Curley billing a total of 1.5 hours for discussions he had with Ms. DeSoto regarding the impact that settlement might have on this lawsuit. There is nothing inconsistent about Mr. Curley's conduct as matter of normal logic. And the time was reasonable and appropriate because the impact of the settlement on the availability of compensatory damages was an issue at the trial – indeed, Defendants raised the issue claiming that the settlement constituted mitigation of damages and compelled the Court to offset Plaintiff's final damages award.

But the Court does note that some entries listed in Exhibit F do require reduction. Many of the entries to which Defendant objects are not problematic. For example, Defendant frequently objects to entries for contact between Plaintiff's counsel and defense counsel on the basis that defense counsel does not have corresponding entries in its own bills. But Defendant has neither entered a certification claiming that no contact occurred on those dates nor has Defendant furnished the Court with a copy of his counsel's bills for the sake of comparison. Left only with the sworn certifications of Plaintiff's counsel, the Court must assume the truthfulness of those entries. But the Court can assess the propriety of other entries based on the record before the Court. For example, there are a number of entries where Mr. Curley billed for a telephone call or other conference with Ms. DeSoto but Ms. DeSoto did not have a corresponding bill for the same contact. This error or lack of substantiation is especially glaring in light of the fact that Plaintiff submitted one combined fee application which makes the omissions obvious. The Court's review of Exhibit F indicates that in most of these instances, the irregularity cannot be explained. As such, the Court will reduce Ms. DeSoto's fee request by 0.9 hours and Mr. Curley's request by 16.3 hours.

## F.  Overall Reasonableness of Ms. DeSoto's Hours

In addition to Defendant's specific objections, the Court also has its own concerns with regards to the fee application and Ms. DeSoto's hours, which were excessive. While Ms. DeSoto did spend several years working on this case prior to trial, for whatever reason she was not well-prepared to proceed with trial, as the Court noted at the end of the first day of Plaintiff's case. Mr. Curley, who had primarily been involved in dealing with the audio recordings, ultimately became lead counsel at the trial on very short notice due to Ms. DeSoto's lack of preparation. Indeed, Ms. DeSoto's role after Mr. Curley took over was so minimal

that it would almost be fair to label Mr. Curley as the sole trial counsel. The Court does not mean to question Ms. DeSoto's competence or skill – the Court has no knowledge about the reasons for her lack of preparation, and there could be a multitude of such reasons including that she may have been stretched too thin by various professional obligations. But the fact remains that her overall hours are excessive in light of her actual performance. At hearings and at trial, Ms. DeSoto often lacked command of the facts and the nuances of the relevant law. Her motions and pre-trial briefs did not provide adequate citations to legal and factual support for her arguments. This calls into question not just her hours expended during the trial, but her hours spent in the weeks, months, and even years leading up to trial when she was conducting discovery and litigating other pre-trial issues and dispositive motions. The Court would have expected better performance and better work product from an attorney who billed the number of hours Ms. DeSoto has billed on this case. The total number of hours she billed was simply not reasonable in light of her performance and the limited responsibility she had for Plaintiff's success in this litigation.

Thus, an additional reduction of hours is necessary. The Court has reviewed Ms. DeSoto's hours and will reduce her already reduced time by an additional 166 hours – a reduction of approximately 25% of the already reduced amount – to reflect Ms. DeSoto's actual performance and preparation, or lack thereof. These additional hours expended on a variety of trial and pre-trial matters were not reasonably expended, and therefore will not be part of the final fee calculations. *See Hensley*, 461 U.S. at 434.

G. Costs and Expenses

Finally, Defendant challenges a number of expenses not ordinarily considered taxable costs that Plaintiff seeks to collect for, including expenses relating to travel, postage, and photocopying. Defendant's specific objections appear in Exhibit I to Ms. Kelsey's certification. The Court notes that New Jersey state courts and federal courts in this and neighboring districts have generally awarded to successful litigants out-of-court litigation expenses, including travel, postage, and photocopying expenses, under Section 1988 and similar fee-shifting statutes where those expenses are reasonable and documented. *See, e.g.*, *Tenafly Eruv Ass'n*, 195 F. App'x at 102 (awarding various costs and expenses under Section 1988); *In re Phillips/Magnavox Television Litig.*, No. 09-3072, 2012 WL 1677244, at *20 (D.N.J. May 14, 2012) (awarding travel, postage, telephone, and photocopying expenses to plaintiffs' counsel in successful class action); *Maintainco, Inc. v. Mitsubishi Caterpillar Forklift America, Inc.*, 975 A.2d 510, 523 (N.J. Super. A.D. 2009) (awarding similar expenses in suit based on state franchise protection act); *Sypniewski v. Warren Hills Regional Bd. of Educ.*, No.

9

01-3061, 2006 WL 1675066, at *12 (D.N.J. June 14, 2006) (awarding similar costs in civil rights action) (Bongiovanni, M.J.); *Sanders v. U.S. Dep't of Housing and Urban Development*, No. 88-1261, 2005 WL 2416355, at *9 (W.D. Pa. Sep. 30, 2005) (same) *but see In re Estate of Reisen*, 713 A.2d 576, 583 (N.J. Super. Ch. 1998) (disallowing similar costs and noting that such costs should generally be considered "overhead" and should be reflected in hourly rate); *see also Abrams v. Lightolier Inc.*, 50 F.3d 1204, 1225 (3d Cir. 1995) (discussing propriety of such fees under federal and New Jersey fee-shifting statutes). But the Court has reviewed the objections and will make some deductions.

While generally an award including these expenses is appropriate, some of the particular entries for these items here do not appear to be reasonable. First and foremost are Ms. DeSoto's summary entries for postage and photocopying for the period of 2007 through 2012. Ms. DeSoto claims to have made exactly 20,000 photocopies at a cost of 20 cents per copy; the Court finds this claim dubious on its face. Similarly, Ms. DeSoto claims postage costs of $2,335 without sufficient explanation. While an extensive litigation will certainly incur photocopying and postage costs, the roundness and size of the numbers smack of being rough guesses, and the Court thus has no confidence in their accuracy. Lacking the evidence to determine the correct numbers, the Court has no choice but to adjust the request downward by a fixed amount. Accordingly, the Court will reduce Ms. DeSoto's request for both expenses by 75%, resulting in a reduction of $4,751.25 from the requested expenses. The Court also will not award Mr. Curley's $50 per month general office expense fee in light of the fact that Mr. Curley has also submitted requests for specific photocopying and trial supply expenses, and will thus further reduce the request for expenses by $800. Finally, the Court will disallow the $48.04 that Mr. Curley requests for dinner for his staff on one occasion – the cost would appear to be purely overhead and thus, not appropriately charged to either his client or Defendant.

## II. Conclusion

For the foregoing reasons, the Court will award Plaintiff attorney's fees and costs as indicated in the following chart:

| Biller | Hours Requested | Hours Approved | Rate Approved | Fee Approved |
|---|---|---|---|---|
| K. DeSoto | 706.7 | 500.5 | $300 | $150,150.00 |
| (reduced rate) | 0.0 | 9.9 | $150 | $1,485.00 |
| B. Curley | 508.7 | 487.3 | $425 | $207,102.50 |
| (reduced rate) | 0.0 | 4.1 | $150 | $615.00 |
| K. Curley | 24.1 | 14.2 | $150 | $2,130.00 |
| Associate | 25.5 | 25.5 | $150 | $3,825.00 |
| A. Seetaram | 0.2 | 0.0 | $95 | $0.00 |
| **Total Fees Approved** | | | | **$365,307.50** |

| | |
|---|---|
| Expenses Requested | $27,615.76 |
| **Expenses Approved** | **$22,016.47** |

| | |
|---|---|
| Total Fees and Costs Requested | $479,614.76 |
| **Total Fees and Costs Awarded** | **$387,323.97** |

The Court finds that no additional adjustment of the lodestar amount is necessary, as this award satisfactorily reflects Plaintiff's success. An appropriate judgment follows.


/s/William J. Martini
**WILLIAM J. MARTINI, U.S.D.J.**


**Date: September 5, 2012**

11